OPINION of the Court, by
Ch. J. Boyle.
The question in this case is, whether a jailer, who, having the custody of a prisoner taken in execution, permits such prisoner to have the liberty of the prison rules, without having first given bond and. security not to depart therefrom, is liable to an action upch his official bond for an escape ?
The court below being of opinion that he was liable* So instructed the jury, and a verdict and judgment Were accordingly given in favor of the plaintiffs in that court, and against the jailer and his securities ; from which judgment the latter have appealed to this court.
Ever since the establishment of prison rules in England, they have been held by the courts of that country as in effect an extension of the walls of the jail, and the same doctrine prevails in New-York — See 6 John. Rep.., 121 to 124. If this doctrine be correct, of which we have no doubt, it must be equally applicable to the prison rules established by the laws of this state. It consequently follows that a prisoner having the privilege of .the prison bounds, and keeping himself therein, is in the estimation of law a true prisoner, as much so as if confined within the walls of the jail. It is true that the jailer is not bound to allow a prisoner the liberty of the prison rules, unless the prisoner shall give bond and security not to depart therefrom r for it is only upon that condition that the law entitles the prisoner to the privilege of the bounds ; but as the bond is intended as a security to the jailer against the abuse of the privilege by the prisoner, for whose safe-keeping he is responsible, he may waive such security, according to the general principle that “ any one may renounce that which is intended for his own benefit.”
There could, therefore, have been no escape in this case for whicn the jailer is liable.
Judgment reversed, See.