*148 Opinion of the Court, by
Jubge Owsley:
BY an order of the county court of Caldwell, John Bernard wastappointed jailer, and-thereupon, together with M.nA. Rucker, James Morse and John Rucker, *149 ffigfásurctieSr executed*!),ond to the' commonwealth, in the,-, penalty o£.on,e thousand,;dolíarj, conditiqnfed, to well and truly,, faithfully and legally discharge’ ttíe dhties qnjoined.on him',. the said Bernard, by‘.Í|ivv,; as jailer.-’-' Üp.on this bond' suit was brought in the name ofgthe commonwealth, for the use of Gabriel . $¡x¡. against Bernard and his sureties. 1 he declaration sets out the. bond and condition, and after alleging that a.suit was brought by Gabriel Lewis, &c. against a her-jain James Martin, in the Logan circuit court, and «uch proceedings were therein had, as that judgment was finally rendered in favor of sjiid Lewis, &c. for ninety-one dollars and forty-oneybénts, and interest thereof.,..together with costs, amounting to seven lars ar^ ninety and one halfNcents; ánd after stating that said Lewis, &c. afterwards caused to be issued upon said judgment a capias ad satisfaciendum against the said Martin, directed to the sheriff of Caldwell county, and caused the same to be put into the hands of the said sheriff of Caldwell county, before the return dáy thereof, to be executed on the body of said Martin; and after alleging that in virtue of said ca. sa. oné the'.regplarly qualified deputies of the said sheriff CaK&'éjl, before the return day thereof, ^arrested the bodyu|fi;said Martin, and took, delivered, placed ánd ■'put'h'iip'j the said Martin, in the hands, custody and control ofthé said Bernard, as jailer of the county of Galfl-well, to be dealtwith by the said Bernard according law; and after charging that the said Bernard then apd there received and took into his care, management find safe-keeping, as jailer aforesaid, the said Martin, breach, avers that the said Bernard did not keep and comply with the covenant and condition of his said bond, so given and’ executed as jailer, but wholly broke and violated the same, in this, viz. that affcfr said Martin was so put and delivered into his custod}/as jailer, and in violation of the duties of his said office as jailer, when no part of the demand of said Lewis, &.c. paid by said Marlin, without causing said Martin to ecute bond with security, as required by law, to keep within the prison rules of said county of Caldwell, the said Bernard, then and there carelessly, negligently, voluntarily and illegally failed to commit said tin to the jail of said county, and then apd there negligently, carelessly, voluntarily and illegally suffered *150 permitted the said Martin to go,.at large and at liberty, w^en an& where he chose; and that the said Martin, without paying the demand -of said Lewis, &c. and without being legally discharged'by due course of law, escaped, departed and' went out of the rules sec apart anci designated by the county court of Caldwell, for the jail of that county, &c.
pvisonenátm-mitted to.'Tw» cu8^^ 11 °“sin evi_ dence to the unless 0^¶6 proved!
, . . , But the ad-without proof on a writ of ofcientCauá for reversing ^g^^fg cause’ on a writ of inqui- : facts'affeged in the declaration are ad-^e^rortuo- - tionofthere-cqipt, with or un. necessary,
cagbtagQ0“ japer'is bond, for an escape, the plaintiff n‘oinorodain-ages than he prove he andlfhe does not-provo-that,lie lost the debt, inconsc- 1 ’ quence of f nl Cnoin'nal damagesncan be recevered.
. “b^oüon brought’under the stat-oape^the eS' whole amount of the whicl/tíie prisoner was being lost w oftheesoape. ín custody, may be recovered, without any proof of its
Üutws <3oo-trinfe-dpesnot aotionofdebt brought on the jailer’s bond.
To this declaration Bernard, &c, demurred, and the ^emurrer being joined by the plaintiff in the court be-l°w; was overruled by that court. After the demurrer was overruled, the defendants in that court failing to answer, judgment was entered against them, and a writ of inquiry awardedf'to assess (he damages. On executing the writ of inquiry, the plaintiffs introduced ns evidence, a receipt purporting to he signed by 'John B. ■^ernar^i G. C. and importing an acknowledgment by him, of his having received of a deputy sheriff of Caldwell county, the body of James Martin, who had keen arrested by the said deputy, under a ca. sa. froir. ^le clerk’s office of Logan circuit court, in favor of Gabriel Lewis, &c. against said Martin, for ninety-one dollars and forty-one cents, with interest and costs, &c. The receipt was objected to by the defendants; but their objections were overruled, and the receipt read in evidence.’ No other evidence was offered Co the ju-rJb anc* ^he counsel of the defendants moved the court to instruct the jury, that from the evidence they should find nominal damages- only; but the motion was over-rulcdi
The jury assessed damages to the amount of one huit-dred and sixteen dollars and twenty-five cents, and judgment was thereon finally rendered in favor of the plaintiff. From that judgment the defendants have appealed to this court.
It is assigned for error, 1st, That the court erred in its decision on the demurrer to the declaration; 2dly, that the court erred in permitting the receipt introduced by the plaintiff in that court, to go in evidence; 3dly, that the court erred in refusing to give the instructions, as asked for by the defendants, to the jury.
The decision upon the demurrer, we think, is correct. The bond upon which this action is founded, is in substance such an one as is required to be taken from jailers, and the act of this country gives to every person injured by the acts of a jailer, the right to sue upon the *151 |;ond. In sucli a s^iit,,it is notdoubt necessary, that the declaration shopldset out andnjurywhich lias-resulted to the person mi tting the bona in suit, by some act of the jaU‘er,.í¿ violation of the duties of his office."' ^ch is, fipvyewr, the injury charged in the present declaration. If^ i|H?e‘ad of 3’eparting from the limits of the rules assigned “liy the county court of Caldwell, Martin had ■Confined himself to those limits, we should not be of opinión theft the action of the plaintiff could b.e sustained, though no bond and security was taken by Bernard of Martin, to keep within the rules of the prison, ■as was decided by this court in the case of Steinman, &c. vs. Tabb, &c. 3 Bibb 202. But, in-,this case, the declaration alleges an escape from the prison rules by Martin; aijd although that escape is not expressly charged in the declaration, to have been either wilfully or voluntarily permitted by Bernard, yet, in a previous part of the declaration, he is charged with having voluntarily permitted Martin to go at liberty, without requiring of him bond and security for keeping within the rules of the prison; and after having done so, 'Bernard mu.st be understood to have voluntarily permitted Martin thereafter to escape from the rules of the prison.
Wq! differ, however, in opinion, from the court below, as tokbé. '¿propriety of permitting the receipt introduced foy the plaintiff, to go in evidence to the jury. • If it had been proved to have been given by Bernard, it would, no doubt, have been competent evidence upon the trial of an issue involving the fact, to prove that Martin had been received in custody by Bernard, under the execution therein referred to; but, to be evidence for that purpose, its execution by Bernard ought to be prpved by evidence aliunde, and no such evidence appears to have been produced on the trial. In this case, there is, however, no issue which required the introduction of evidence of that sort. • By permitting judgment to go against them by default, the defendants had admitted every fact which the receipt was calculated to prove, and that admission was conclusive on the jury, without being supported by evidence. Whilst we would, therefore, admit that the receipt ought not to have jjqen permitted to go in evidence to the jury, as it we.nt merely^to prove a fact admitted by the pleadings,, we ■should not, for'that cause, be disposed tp reverse the judgment of the court below.., , " ,
*152 The remaining question involves the correctness of the decision of the; coüft in' refusing to instruct Ibe-jufy gn¿ nominal damages ^ónly. It is 'perfectly cleár, that no evidence was produced on the trial, going to fix the amount of damages actually sustained byiiLewis, &c. By failing to plead, the' defendant? must be presumed to have admitted the escape of Martin, ás-’wéñ as the amount of the ca. sa. of Lewis, &c. under which he was committed to the custody of Bernard; .but it does not thence follow, that Lewis, &c. have sustained damages to an amount equal to the sum for which the ca. s'a. issued against Martin; for, notwithstanding the escape, Lewis, &lc. may nevertheless maintain an action against Martin for the amount of their ca. sa. and there is nothing in the record conducing to show that Martin was less able to pay, at the time of the trial, than when he escaped from the prison.
If, therefore, the actual damage sustained by Lewis, &c. forms the correct criterion of damages to be recovered in an action of this sort, it must necessarily follow, that the instructions ought to have been given to the jury; for it is unquestionably incumbent on a plaintiff to prove the extent of his damage* and if Lewis,-&c. have failed to do so, nominal damages only should have been assessed by the jury on the writ of inquiry;
But the question occurs, ought the jury, in estimating damages, to have been governed by the amount of damage actually sustained by Lewis, &c.?
No satisfactory answer to this question is tobe found in the act of the legislature requiring jailers to execute bonds, and authorising suits thereon. The act simply provides that the bond may be put in suit by any person injured by the acts of the jailer. But if we advert to the doctrine ©f the common law, it will he found, that in estimating damages in actions for an escape, the jury are always governed by the injury which the plaintiff has.sustained. We are aware, that in cases of escape on final process, by a statute of England, reenacted in this country, the plaintiff is permitted, by action of debt, to recover the entire sum for which the prisoner was charged in execution; but the remedy given by that statute has been held to be merely cumulative, and has never been supposed to change the rule as to the extent of recovery in the common law action. The right of the plaintiff to recover the entire debt, *153 grows out of, the peculiar plírjrseology of the statute ¡giving-the adggn o;§deb'tf‘an,d Ras evfer jbeen -.eonfiftedTo that partícula action. ' Tlw^presenl’is an action;'-of debt, but it jj|in action of debt upon the jailer’s bond, and n^ttsuchfan action of debtlfs that alluded tf*in the stajti^á^and nfet an action in which a recovery greater tfejrrai common law can be had.
. ft. results, therefore, that as the extent of the dam-' ages sustained by the relators in the court beloiy, was not shown by them in evidence, the court ought to have given the instructions to the jury.
The judgment must consequently be reversed with c.osts, and the-cause remanded to the court below, and further proceedings there had, not inconsistent with this opinion.