RUSSEL H. HAVENS *vs.* HARTFORD AND NEW HAVEN RAILROAD COMPANY.

A declaration contained a count in trespass for the forcible ejection of the plaintiff by the defendants, a railroad company, from their cars, and a count in trespass on the case for the same injury by the negligence of the defendants as common carriers in conveying him as a passenger, the latter count containing an averment that it was for the same cause of action with the former. The latter count also contained an allegation that the defendants, at the same time, assumed for a certain hire to also carry safely his tool chest, but so negligently carried it that it became broken and greatly damaged. Held, on a motion in error from a judgment overruling a general demurrer to the declaration, that although the latter count was averred to be for the same cause of action with the former, yet as the injury to the chest was so set forth as to constitute an independent and substantial ground of recovery, both counts could not be for the same cause of action, and there was therefore a misjoinder of counts.

ACTION of trespass and trespass on the case for an injury received by the plaintiff in the attempt of the servants of the defendants to eject him from a railroad car.

The first count was in trespass; the others, three in number, were in case, each of the latter containing an averment that it was for the same cause of action that was set forth in the preceding count, and all the counts except the second alleging only a personal injury to the plaintiff. The

second count, upon which the only question considered by this court was made, was as follows :—

And the plaintiff further declares and says in a plea of the case, being for the same cause of action as in the first count alleged, that on the 1st day of November, 1855, and for a long time before, the defendants were the owners of a certain other railroad, a part of which said last mentioned road runs from said city of New Haven to said town of Berlin, and thence to said city of Middletown, and were also in the use and occupation of divers other railroad cars, for the transportation therein of passengers and baggage over said road, and during all the time aforesaid were accustomed, for certain hire and reward to them in that behalf paid, to carry passengers and baggage in their said cars over said road ; and that on said 1st day of November, the plaintiff, at said city of New Haven, at the request of the defendants, became and was a passenger in certain cars of the defendants, to be safely carried therein from said New Haven to said Middletown, for a certain fare and reward then and there paid to and received by the defendants in that behalf; and the defendants then and there received the plaintiff as such passenger, as aforesaid ; and thereupon it became and was the duty of the defendants to use due care that the plaintiff should be safely carried by and upon said cars, and over said road, from said New Haven to said Middletown. And the defendants did also then and there agree and undertake, for a certain hire and reward, also to transport safely and securely and without injury, over and along said road to said Middletown, a certain wooden tool chest, belonging to the plaintiff and containing tools of great value, to wit, of the value of $100, belonging to and the property of the plaintiff. But the plaintiff says that on said day, while said tool chest was being transported as aforesaid, and before said cars had reached said city of Middletown, the defendants, by their agents and servants, so negligently, unskillfully and improperly handled and transported said tool chest, as by reason of said negligence and carelessness greatly to injure and damage the same. And the plaintiff says that on said

day, while said cars were passing over said road to said Mid-
dletown, the defendants by their agents and servants then and
there having the management and control of said train of
cars, and in pursuance of the rules and regulations of the de-
fendants, did request and demand of the plaintiff a certain
check or ticket, then and there in the possession of and the
property of the plaintiff, and the same being a receipt of the
defendants for the fare or reward, previously delivered and
paid to the defendants as aforesaid; which said check or
ticket the plaintiff then and there declined to deliver to the
defendants or their agents, for the reason and because he had
a right and wished to retain the same. And the plaintiff
says, that the agents and servants of the defendants, then
having the management, custody and control of said train,
and being intrusted by the defendants therewith, and in their
employ as conductors and managers thereof, did endeavor
then and there to eject and thrust the plaintiff from the car
in which he was then journeying to said Middletown; which
said endeavor so to eject and thrust the plaintiff was done
by the said servants and agents in compliance with the in-
structions and directions of the defendants, and in pursuance
of the authority conferred by said defendants upon said
agents. But the plaintiff says, that in such endeavor the said
agents and servants, so acting as aforesaid, did with negli-
gence and carelessness, and improperly and with want of
due and proper care, seize and lay hold of the arms and
shoulders of the plaintiff, and did jerk or thrust him from his
seat or chair with such negligence and carelessness as to
greatly injure the clothing of the plaintiff, and did thrust and
strike the knee of the plaintiff against the arm of said seat or
chair, and many other wrongs said servants and agents then
and there did; whereby the said servants and agents so
acting as aforesaid, in pursuance of said directions of the
defendants, by reason of said negligence and improper con-
duct and want of due and proper care, did seriously wound
and injure the plaintiff, and did permanently cripple the limbs
and seriously endanger the life of the plaintiff; by means
whereof he has been rendered permanently lame and a crip-

ple for life, and his health permanently endangered; has suffered great pain and anguish both of body and mind; has been since said time prevented from pursuing his ordinary business; and has been permanently disabled from pursuing his trade or occupation, which said trade or occupation is that of a ship joiner, and has become dependent upon others for support; and has been obliged to expend and has expended a large sum of money, to wit, $500 in endeavoring to be cured of said injuries and lameness, caused as aforesaid; all which is to the great damage of the plaintiff.

The defendants demurred generally to the declaration, and the superior court overruled the demurrer and rendered judgment for the plaintiff. The defendants then brought the record before this court by a motion in error, assigning as error a misjoinder of counts.

*Hungerford* and *Chapman*, for the plaintiffs in error, contended that the second count could not be for the same cause of action with the others, inasmuch as the others counted only on a personal injury to the plaintiff, while that count alleged also an injury to his tool chest, which injury was described as an independent one, and as a breach of a separate duty assumed by the defendants for a separate hire and reward; and that the averment that the cause of action in that count was the same as the cause of action in the preceding one, could have no effect, when the court could see by the declaration itself that the causes of action in the two counts were necessarily different; citing 1 Chitty Pl., 202, 208; 2 Saund., 117, note; *Dalston* v. *Janson*, 1 Ld. Raym., 58; *Courtney* v. *Collet*, id., 272; *Dawtry* v. *Dee*, ib; *Howard* v. *Banks*, 2 Burr., 1113; *Woodward* v. *Walton*, 5 Bos. & Pul., 476; *Cooper* v. *Bissell*, 16 Johns., 146; and *Boerum* v. *Taylor*, 19 Conn., 122.

*Welles* and *Welch*, for the defendant in error, contended that the allegation with regard to the tool chest was to be regarded only as matter of inducement, and as showing why the plaintiff refused to give up his ticket when

demanded, and not as a substantive and independent ground of action; that, if the matter was otherwise susceptible of doubt, the averment that the causes of action are the same, showed that the plaintiff claimed nothing under the second count that he did not under the others, and should be regarded by the court as of importance in determining the effect of the allegation; and that the whole allegation could be rejected as surplusage, not being necessary to the validity of the count and in every view immaterial; citing *Bunfield* v. *Jones*, 4 B. & C., 380; *Shearm* v. *Burnard*, 10 A. & E., 593; *Dukes* v. *Gorthing*, 1 Bing. N. C., 588; *Hilton* v. *Swan*, 5 id., 413; *Evans* v. *Watrous*, 2 Port., 205; and Gould's Pl., chap. 3, § 170.

HINMAN, J. This is a motion in error from the judgment of the superior court founded upon the insufficiency of the plaintiff's declaration. The first count in the declaration is in trespass, for forcibly ejecting the plaintiff from the defendants' cars and beating and kicking him in so doing, he at the time being properly and regularly therein as a passenger from New Haven to Middletown. The other counts are in case, and are alleged to be for the same cause of action; but the second count not only alleges an injury to his person by being carelessly thrust from the defendants' car by their agents and servants, but it also alleges that for a certain hire and reward the defendants also undertook to transport safely to said Middletown the plaintiff's tool chest, containing his tools of the value of one hundred dollars, and that they so negligently handled and transported said tool chest, that by reason of their negligence and carelessness they greatly injured the same.

Now it is unnecessary to consider whether this portion of the count, assuming it to amount to a distinct ground for the recovery of damages, independently of the personal injury, would render the count bad for duplicity, since that is a defect which can only be taken advantage of upon special demurrer, and if not thus demurred to this portion of the count must be answered by plea, because the whole decla-

ration must be answered, and as it requires an answer, it of course lays the foundation for a recovery, whatever may be true in regard to the rest of the count. *Holly* v. *Brown and others*, 14 Conn., 255.

There is, as we have said, an averment that this count is for the same cause of action as in the first count is alleged. In a doubtful case, or in a case where the two or more causes of action might possibly be the same, such an averment probably would control on such a point. But it requires no argument, and is susceptible of none, to show that an assault and battery is a different cause of action from an injury caused by negligence to a chest of tools. As was said in *Boerum* v. *Taylor*, 19 Conn., 122, changing only the phraseology to make it apply to the circumstances of the case, one is an injury to the person, as its direct result, and the other is an injury to property, as its indirect and more remote consequence.

But it was said that the allegations in the second count in respect to the injury of the chest of tools, were mere matter of inducement, as furnishing a reason why the plaintiff refused to give up his ticket, and not an independent ground of action. We do not think this view of the case can be sustained. There is nothing to indicate that such was the object of these allegations. They are not in any way connected with what is said in respect to the ticket. And that part of the count may as properly be considered as connected with the allegations in respect to the personal injury, as with the injury to the chest of tools. It immediately follows the statement of the latter injury and immediately precedes that of the former, and if intended to refer to either was probably intended to be equally applicable to both. Besides, the allegations in respect to the injury to the chest of tools contain every thing that is essential to a recovery. It is alleged that the defendants undertook for certain hire and reward to transport it safely, and that while they were transporting it, and before the cars reached Middletown, they so negligently and unskillfully handled and transported it, as by reason of said negligence, greatly to injure and damage the same.

This is all that is required to constitute a good count for an injury to property in the custody of another for the purpose of transportation; and if the plaintiff proved such an injury as he here states, we can not doubt that the court gave him damages for it. With every inclination, therefore, to sustain the declaration, if it could be done consistently with the rules of law, we feel constrained to say that we do not think it can be done.

There is therefore a misjoinder of counts in the declaration, not authorized by the statute, which only authorizes one or more counts in trespass to be joined with one or more counts in trespass on the case, where all such counts are for the same cause of action, and this defect renders the judgment erroneous.

In this opinion ELLSWORTH, J., concurred. STORRS, C. J., being disqualified by interest did not sit.

Judgment reversed.