CHARLOTTE B. BELDEN *vs.* FREDERICK A. GRANNISS AND ANOTHER.

A declaration contained a count in trover for certain goods of the plaintiff and a count in trespass for seizing and carrying away the same goods, the causes of action being alleged to be the same. The latter count further averred that the plaintiff was at the time in the peaceable possession of the goods in a store kept by her for their manufacture and sale, and that the defendant, by forcibly entering and taking possession of the store and seizing the goods, stopped her business for a long time and caused her great expense in procuring other goods. Held, that this was merely matter of aggravation, and that the cause of action alleged in the latter count was not, by reason thereof,

different from that alleged in the first count, so as to cause a misjoinder of the counts.

TROVER and trespass *de bonis asportatis.*

The first count was in the ordinary form in trover, for certain millinery goods of the plaintiff. The second count was as follows :—And the plaintiff further declares in an action of trespass, for the same cause of action as that set forth in the first count, and says that the defendants, on the 7th day of June, 1856, at said Bridgeport, with force and arms, seized, took and carried away certain other goods, wares and merchandise, as described in said first count, and for a full description reference may be had to said first count, all which are the proper goods and estate of the plaintiff, and of the value of two thousand dollars, and then and there converted the same to their use, whereby the plaintiff has wholly lost and been deprived of the same. And the plaintiff also says, that on said 7th day of June, 1856, she was in the peaceable possession of said goods, and was engaged in the millinery business, and in keeping a store in said Bridgeport for the manufacture and sale of the articles in said first count described, and had in her employ a large number of workmen, and was obliged to pay said workmen a large sum daily for their services ; and the defendants, by forcibly taking possession of the store of the plaintiff, and by seizing said goods, and by putting men in said store, and entering therein themselves, did completely cause the business of the plaintiff to cease, and did prevent said workmen in the employ of the plaintiff from continuing their said work, and did obstruct and stop the business of the plaintiff for a long time, viz.: for three days, and did cause the plaintiff great expense in traveling to, and being detained in the city of New York, for the purpose of purchasing other goods to replace those taken as aforesaid ; whereby great loss and damage was sustained by the plaintiff, to wit, the sum of two thousand dollars ;—all which is to the damage of the plaintiff the sum of twenty-five hundred dollars, and for the recovery thereof, with just costs, the plaintiff brings this suit.

The jury having rendered a verdict for the plaintiff, the defendants moved in arrest of judgment; and the questions arising on the motion were reserved for the advice of this court.

*Dutton* and *Hollister*, in support of the motion.

The declaration is insufficient, for a misjoinder of counts. Case and trespass can be united under our statute, only where both counts are for the same cause of action. Here they are not for the same. The second count contains, in addition to the averment of a trespass in taking the personal property described in the first count, a trespass to real estate, damage to the plaintiff's business, and expense to which she was subjected in procuring other goods for her store to supply the place of those which were taken. *Boerum* v. *Taylor*, 19 Conn., 122. *Havens* v. *Hartford & New Haven R. R. Co.*, 26 id., 220. The declaration is not helped by the allegation that the two counts are for the same cause of action, when the court can see that they are not so. *Havens* v. *Hartford & New Haven R. R. Co.*, supra.

*Loomis*, contra.

The matter specially averred in the second count is mere matter of aggravation, and is not set up as an independent ground of recovery. It is no objection that it is matter which, if it had been so set up, would have been a good ground of action. *Boerum* v. *Taylor*, 19 Conn., 127. In allowing a joinder of trespass and case, the statute did not intend to impose any restriction upon either form of action when they are joined, that would not have applied to it independently, and matters of aggravation may therefore be alleged in the count in trespass, although they could not be in the count in trover. It is not necessary that the same measure of damages should be applied to both counts, and matter that will aggravate the damages may therefore be alleged in one count and omitted in the other. That this is mere matter of aggravation is evident from the form of averment, the plaintiff alleging, not that the defendants entered and took possession

of the store, but that, *by* entering and taking possession, they caused her the damage stated, and no damage is claimed for the mere entry.

PARK, J. The defendants ask that judgment be arrested in this case, on the ground that there is a misjoinder of counts in the plaintiff's declaration. The declaration contains two counts. The first is in trover for the conversion of certain goods, wares and merchandise belonging to the plaintiff, and the second is in trespass, for the taking and carrying away of the same articles.

By the common law these counts can not be joined. But we have a statute which provides that " one or more counts in trespass on the case founded in tort, may be joined with one or more counts in trespass, in the same declaration, when all of such counts are for the same cause of action ; " and the question is, whether this statute authorizes the joinder of these counts.

The defendants claim that the second count sets forth, not only the cause of action described in the first count, but likewise a trespass to the real estate of the plaintiff; and also a cause of action in case, for the injuries resulting to her in the loss of business, and in being subjected to trouble and expense in procuring other goods. If the defendants are correct in the view they take of the case, there is manifestly a misjoinder of counts; but we are satisfied, from a careful examination of the authorities, that the allegations in the second count fall far short of being sufficient to sustain the claim of the defendants. That count sets forth with particularity the circumstances attending the trespass upon the goods, and then proceeds to describe the consequences resulting to the plaintiff from the wrongful act of the defendants in taking and carrying away the property, as follows, to wit : " that the defendants, by forcibly taking possession of the store of the plaintiff, and by seizing said goods, and by putting men in said store, and entering therein themselves, did completely cause the business of the plaintiff to cease, and did prevent said workmen in the employ of the plaintiff

from continuing their said work, and did hinder, obstruct and stop the business of the plaintiff for a long space of time, to wit, for the space of three days, and did cause the plaintiff great expense in traveling to and being detained in the city of New York, for the purpose of purchasing other goods to supply the place of those taken, &c."

It is clear in all this that the sole ground of complaint made by the plaintiff, is the trespass committed upon the goods, and that those matters therein set forth, which the defendants claim constitute separate causes of action, were alleged merely to aggravate the damages resulting from the trespass.

But let us examine the claims of the defendants more particularly; and first, with reference to the question whether a trespass to the real estate is alleged. The language is, "and the defendants, by forcibly taking possession of the store of the plaintiff, and by seizing said goods, and by putting men in said store, and entering therein themselves, did completely cause the business of the plaintiff to cease, &c." There is no sufficient allegation here that the defendants broke and entered the premises of the plaintiff. And if the language used could be construed into such a claim, there are other elements wanting to constitute a cause of action. One may be mentioned which is sufficient to put at rest this claim of the defendants. It no where appears in the declaration that the plaintiff asks to recover damages for any trespass committed to her real estate. No complaint is made of that. And certainly she could not recover damages for which she did not ask.

All the complaint made in this part of the count is in relation to the business of the plaintiff. She charges the defendants with causing her business to cease. How? "By forcibly taking possession of the store of the plaintiff, and by seizing said goods, and by putting men in said store, and entering therein themselves." If the plaintiff has recovered damages by reason of the allegation complained of, it must have been confined to the injury done to her business. But injury done to the business of the plaintiff is distinct from

an injury done to her premises. We are not now consider-
ing whether, in an action of trespass to real estate, the plain-
tiff may not aggravate the damages, under proper averments,
by showing that the trespass resulted in the destruction of
the plaintiff's business. But, in such a case, the ground of
complaint must be the trespass committed to the premises.
In this case no such complaint is made, and we therefore
dismiss this claim of the defendants.

The defendants claim further that the latter part of the
second count sets forth a distinct cause of action in case, for
an injury done to the business of the plaintiff, and also in
causing her expense in procuring other goods.

In considering this question, it should be borne in mind
that the statute which authorizes the joinder of trespass and
trover, does not alter at all the character of either form of
action when joined. The principles of law applicable to
each when standing alone, are applicable to each when
joined in the same declaration. Now it has long been
established that in actions of trespass *vi et armis*, by way of
aggravation, the plaintiff may recover damages for that
which, alone considered, might furnish a good cause of action
in case; as, in trespass *quare clausum fregit*, the plaintiff may
recover damages for the seduction of his wife or daughter;
or, as in the case of *Barnum* v. *Vandusen*, 16 Conn., 200, for
the damage sustained by the communication of a deadly and
contagious disorder to his sheep. The cases of *Boerum* v.
*Taylor*, 19 Conn., 123, *Dickinson* v. *Boyle*, 17 Pick., 78, and
*Anderson* v. *Buckten*, 1 Strange, 192, are to the same effect.
Indeed, the principal is too familiar to require discussion.

The question then is, whether the allegations in the second
count, which the defendants rely upon in support of their
claim, set forth merely matter of aggravation. We have
already expressed an opinion on this question. We think
they do. We think that the ground of complaint is the trespass
committed upon the goods. The goods were used by the
plaintiff in carrying on the business of a milliner. They
were kept in a certain store. Now the plaintiff charges the
defendants with seizing the goods, and, as a consequence of

the act, that her business was interrupted, and she subjected to expense in purchasing other goods to supply their place. · The taking of the goods resulted in such consequences, and we see no reason why the plaintiff may not properly recover damages therefor under the allegations of this declaration. The case of *White* v. *Mosely*, 8 Pick., 356, sustains the view we have taken. The action was in trespass for destroying part of a mill. The plaintiff alleged an interruption in the use thereof, and the consequent loss in the profits resulting therefrom, and was allowed to recover for such injury. The defendants rely upon the case of *Boerum* v. *Taylor*, 19 Conn., 123, and the recent case of *Havens* v. *Hartford & New Haven R. R. Co.*, 28 Conn., 220, in support of their claim. A brief examination of these cases is sufficient to show that they have no bearing on this case favorable to the defendants. In the case of *Boerum* v. *Taylor*, the first count was in trespass, for an injury to a certain jug and a quantity of liquor contained in the same, by putting certain noxious substances therein, by means of which the jug became injured and the liquor spoiled. The second count was in case, for an injury to the health of the plaintiff. After setting forth that the plaintiff was possessed of a certain other jug, and a certain other quantity of liquor, the pleader goes on to state, in substance, that the defendant, then and there, wickedly and maliciously intending to administer the liquor to the plaintiff, and cause him to drink thereof, did put the noxious substances therein described into the said liquor, which rendered the same unwholesome, and the plaintiff, being ignorant thereof, drank of the same, to the great injury of his health. The burden of complaint in the second count is the injury to the health of the plaintiff, and the mixing the noxious substances with the liquor is spoken of merely as the means by which the defendant inflicted the injury. Had the second count been in trespass to the property, and the injury to the person been alleged as consequential damages, the case would have been parallel with the present one, and the legal difficulty would have been avoided, as is strongly intimated by the Chief Justice in giving the opinion

of the court in that case. But, as the case stood, there was clearly a misjoinder of counts. In the case of *Havens* v. *Hartford & New Haven R. R. Co.*, a misjoinder likewise appears. The second count contains a cause of action not found in either of the others. The other counts set forth only an injury to the person of the plaintiff, whereas the second count sets forth, not only an injury to the person, but likewise to the property of the plaintiff. The injury to the property is particularly described, and is made a distinct ground of complaint in no way connected with the injury to the person. There is, therefore, a marked distinction between the present case and the cases referred to by the defendants, so much so that the defendants can derive no aid from them.

We therefore advise the superior court to overrule the motion in arrest, and render judgment on the verdict.

In this opinion the other judges concurred.

Motion in arrest overruled.