BETSEY WINNIE AND ANOTHER *vs.* WILLIAM S. POND.

A count in trespass for breaking and entering the plaintiff's house, by the defendant and his servants, and disturbing the plaintiff in the possession, was joined with a count in case for maliciously and without probable cause praying out a search warrant and causing the house to be broken into and entered under it and the plaintiff disturbed in the possession; the latter count being averred to be for the same cause of action as the former. Held that the two counts were to be regarded as for the same injury, the breaking and entering, and were therefore not misjoined.

Held also that the averment that the causes of action were the same was to be taken as decisive that they were so, where there was nothing in the declaration necessarily repugnant to such an averment.

TRESPASS for breaking into and entering the dwelling house of the plaintiffs, by the defendant and his servants, and disturbing the plaintiffs and their families in their possession of the same; to which was joined the following count in case :—

The plaintiffs further declare, in an action on the case, for the same cause of action as in said first count contained, and say that the defendant, not having any reasonable or probable cause, wrongfully and unjustly contriving and intending to injure, oppress and damage the plaintiffs, falsely and maliciously procured and obtained from Treat Clark, Esq., a justice of the peace for the county of New Haven, a search warrant, directed to the sheriff of said New Haven county, or his deputy, or either of the constables of said town of Milford, commanding them to enter into the dwelling house of the plaintiffs, and there diligently to search for certain goods and chattels which the defendant had falsely and maliciously informed the said justice of the peace had been feloniously taken and stolen from him, the said defendant, and that he had reason to suspect and did suspect were concealed in the aforesaid dwelling house of the plaintiffs; and that said goods and chattels, viz: a seine for catching fish, together with the ropes and leads, and other appurtances of the same, had been so feloniously taken, stolen and carried away by one Jonas G. French, and that said French was residing in the said

dwelling house.   Whereas, in truth, the defendant, at the time of his obtaining and procuring the said search warrant, had no reasonable or probable cause for procuring the same, and well knew that the statements and allegations in his information made under oath to said justice of the peace, by means of which said justice was induced to issue said warrant, were false and malicious.   But the defendant, contriving and intending as aforesaid, falsely and maliciously obtained and procured said search warrant, and caused the same to be put into the hands of William Platt, a constable of said Milford, who, being employed and instructed so to do by said defendant, did with said writ break and enter the aforesaid dwelling house of the plaintiffs, and break open doors, break and destroy locks, bolts, hinges, and staples, and otherwise greatly damage, injure and trouble the plaintiffs.   Wherefore, by reason of the wrongful and unjust acts of the defendant, in so falsely and maliciously obtaining and procuring said search warrant, the plaintiffs have been greatly injured, and put to great trouble and expense in repairing said doors and replacing said locks, bolts and hinges, and themselves and their families hindered and terrified in the peaceable occupation of the said dwelling house; all which is to their damage, &c.

The case was brought to the superior court in New Haven county.   After a verdict of the jury for the plaintiffs the defendant moved in arrest of judgment for the insufficiency of the declaration.   The court (*Loomis, J.*) overruled the motion, and rendered judgment upon the verdict.   The defendant thereupon filed a motion in error, and brought the record before this court, assigning as error, among others, that the declaration contained a fatal misjoinder of counts.

*H. Stoddard*, with whom was *Clark*, for the plaintiff in error.

*C. Ives* and *Alling*, for the defendants in error.

CARPENTER, J.   Only one of the questions presented by the record in this case is now relied on by the defendant.   He

claims that the first count in the declaration is in trespass *quare clausum,* and that the second is in case for a malicious prosecution. If he takes a correct view of the declaration there would seem to be force in this claim. But the injury of which the plaintiffs complain is the same in both counts, to wit, breaking, entering and injuring their dwelling house, by means of which they and their families were greatly annoyed and disturbed in the peaceful possession and occupation of the house. The first count is in trespass, and in the ordinary form. The second is in case, and substantially alleges the doing of the same acts, under color of legal proceedings; that the defendant without reasonable or probable cause wrongfully prayed out a search warrant against one French, who resided in the house, and by means thereof caused the house to be searched, thereby causing the injury complained of.

If however there was any doubt as to the intention of the pleader, it would seem to be removed by the averment in the second count, that it was " for the same cause of action as in said first count contained." This averment is not repugnant to anything else contained in the declaration and must be regarded as decisive of the question. *Havens* v. *Hartford & New Haven R. R. Co.,* 26 Conn., 225.

There is no error in the judgment complained of.

In this opinion the other judges concurred.