CASE 68—PETITION EQUITY—OCTOBER 28.

# Mitchell and wife v. Holder, &c.

### APPEAL FROM ALLEN CIRCUIT COURT.

1. THE WILL OF A MARRIED WOMAN IS RESTRICTED IN ITS OPERA-TION to such estate as she is authorized by law to dispose of by will.
2. *The probate or rejection of a will, by the proper court having the case regularly before it, is conclusive* while it remains in force, in the same and all other courts, and between all persons whether formal parties to the record or not. (Wells v. Wells, 4 Littell, 152; same case, 5 Littell, 273; Tibbatts, &c. v. Berry, &c., 10 B. Monroe, 473; Hughey, &c. v. Sidwell's heirs, 18 B. Monroe, 259.)
3. But although the judgment of probate should be regarded as con-clusive till revoked, reversed, or successfully impeached, as to all estate embraced by the devises of the will which a married woman might dispose of by will, the law restricts the operation of the will to such estate as she was authorized by law to dispose of by will.
4. *The judgment of probate of the will of a married woman* could not of itself give the will effect as to land which was the general estate of such testatrix.
5. *The heir was not estopped* from controverting the will of a married woman by acquiescing in her expressed intention to make a will, and by recognizing it as valid for some time after her death—there being no evidence that he induced the testatrix to make the will, or resorted to any other means to induce her to refrain from disposing of the property by the deed of herself and husband.

RODES & MULLIGAN,　⎫
G. M. MULLIGAN,　　　⎬　. . . . . . . For Appellants,
GEORGE R. McKEE,　　⎭

### CITED

Revised Statutes, section 29, chapter 106.
Revised Statutes, secs. 28, 29, chap. 106, 2 Stanton, 466.
Civil Code, section 519, subsection 3.
Act of 1796, 1 Morehead & Brown, section 29, page 294.
Revised Statutes, chapter 58, Act of March 9, 1854.
9 Dana, 41, King, &c. v. Bullock, &c.
8 B. Monroe, 348, Singleton's will.

2 Smith's Leading Cases, 642.
10 B. Monroe, 474, Tibbatts, &c. v. Berry, &c.
18 B. Monroe, 260, Hughey, &c. v. Sidwell, &c.
15 B. Monroe, 563, George (of color) v. Bussing.
14 La. Annual, 552, Deslandes v. New Orleans.
6 Johnson's Chancery, 166, Storrs & Brooks v. Barker.
20 California, 233, State v. McGlyn.

| | |
|---|---|
| 5 Little, 274, Well's will. | 6 B. Monroe, 106. |
| 2 Story's Equity, sec. 1546. | 4 Mon., 152, Wells's will. |
| 5 Mason, 334. | 2 Peters, 157. |

LESLIE & BOTTS, . . . . . . . . . For Appellees,

CITED

Revised Statutes, chapter 106, 2 Stanton, 557.
6 Bush, 530, Foster v. Shreve, &c.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT.

On the 2d day of March, 1865, Mrs. Emeline Whitney, a married woman, being the wife of Herman Whitney, made and published, in appropriate form, a paper purporting to be her last will and testament, devising to Sallie P. Holder, now Mrs. Mitchell, an undivided interest which the testatrix owned by inheritance from her brother, John Holder, deceased, in several tracts of land and some personal estate.

The testatrix died without issue, leaving her said husband surviving her, and her brother, Edward Holder, who it appears was her only heir; and thereafter, on the 27th of March, 1865, the will was presented in the county court for probate without objection on the part of either Herman Whitney or Edward Holder, and in due form proved and admitted to record; and that judgment of probate has never been revoked or reversed.

Edward Holder having died, leaving Cynthia Holder, his widow, and Margaret Austin, the wife of W. R. Austin, his daughter and only heir, this suit in equity was commenced in May, 1869, by Austin and wife and Mrs. Holder, who were in possession of the lands of the estate of John Holder, deceased, exhibiting the will of Emeline Whitney, and alleging,

in substance, that neither Edward Holder nor themselves were parties to the proceeding for establishing the will, and that, notwithstanding the same, they were the exclusive owners of the land; and as the defendants, Mitchell and wife were setting up claim to an interest in the land under the supposed will of Mrs. Whitney, they sought the judgment of the court quieting their title and possession, and in bar of the defendant's claim.

Mitchell and wife answered the petition, resisting the relief therein sought; and asserting their claim under the will of Emeline Whitney, they made their answer a cross-petition for the recovery of their interest in the land as devisees.

The circuit court was of the opinion that Mrs. Mitchell acquired no title or interest in the land as devisee of Mrs. Whitney, and adjudged to the plaintiffs the relief sought by them; and this appeal is prosecuted for the reversal of that judgment.

The first inquiry presented is as to the legal effect of the judgment of probate. Notwithstanding the coverture of Mrs. Whitney, she had the right, under section 4 of chapter 106 of the Revised Statutes, to dispose by will of any estate which may have been "secured to her separate use by deed or devise, or in the exercise of a special power to that effect." We must presume therefore that the county court acted within the scope of its jurisdiction in admitting the will to record. This being so, it is contended for the appellants that the judgment of probate made the will conclusive evidence of their title to the property devised to them without regard to the character of the estate which the testatrix had therein. Under the statute of 1797, regulating the probate of wills, as well as under the law as it now exists, it has been repeatedly held that the probate or rejection of a will by the proper court having the case regularly before it was, like a sentence *in rem*, conclusive, while it remained in force, in the same and all

other courts, and between all persons whether formal parties to the record or not. (Wells, &c. v. Wells, 4 Littell, 152; same case, 5 Littell, 273; Tibbatts, &c. v. Berry, &c., 10 B. Mon. 473; Hughey, &c. v. Sidwell's heirs, 18 B. Mon. 259.)

But although the judgment of probate should be regarded as conclusive till revoked, reversed, or successfully impeached, as to all estate embraced by the devises of the will which a married woman might dispose of by will, we are of the opinion that the law restricts the operation of the will to such estate, and that the judgment of probate could not of itself give it effect as to the land in controversy, which was the general estate of Mrs. Whitney.

It is insisted for the appellants that the appellees are estopped to claim the land against the provisions of the will, in consequence of the conduct of Edward Holder in relation to the execution of the will. There is some evidence conducing to prove that being informed of his sister's purpose to make the will, he expressed his acquiescence in it, and that after her death he recognized the will as valid, for some time at least. But there is no evidence that he induced the testatrix to make the will, or resorted to any other means to induce her to refrain from disposing of the property by the deed of herself and husband, or that he committed any act constituting an estoppel *en pais*, as alleged by the appellants.

Wherefore, no error being perceived in the judgment, the same is affirmed.