### BAKER BOYD v. A. E. CAMP.

**Officer—Escape of Prisoner—Damages.**
> Only actual damages can be recovered in a suit against an officer for allowing a prisoner to escape.

**Nominal Damages.**
> The court of appeals will not reverse for an error in failing to give nominal damages.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

September 14, 1878.

OPINION BY JUDGE COFER:

The evidence showed without contradiction that Prewitt was insolvent when he was arrested and when he was discharged by the appellee. It is true, as suggested by appellant's counsel, that if he had been detained in jail, friends might have paid appellant's part of the fines to secure his discharge, but such a possibility is too shadowy and uncertain to be a factor for consideration in a judicial inquiry of damages. Under our statute, as well as by the rules of the common law, only actual damages can be recovered in a suit against an officer for an escape. Sec. 5, Chap. 35, General Statutes; *Bernard v. Commonwealth*, 4 Litt. 148.

As no actual damage such as the law can estimate was shown, the appellant had, at most, a right to a merely nominal recovery, and this court has repeatedly decided that it will not reverse for an error in failing to give nominal damages.

The judgment must therefore be *affirmed*.

*Little & Slack, for appellant.*