*W. T. Thurman, M. Boland, for appellant.*
*D. M. Rodman, for appellees.*

---

JEREMIAH WEAVER'S HEIRS *v.* W. H. WEAVER ET AL.

**Res Adjudicata.**

An order of a county court admitting a will to probate in proper form is conclusive on all parties until reversed or the order vacated, and such an order can not be attacked in a collateral proceeding.

**Probate of a Will.**

Where the county court had jurisdiction to hear an application to probate a will and order it probated, a legatee under such will or an heir of the testator, after thirty years have elapsed, can not under a

petition, for the alleged purpose of having the will construed, raise a question of the validity of the probate of the will and have the probating order vacated for the reason that one of the legatees was a witness to the will and helped to probate it in the county court.

### Legatee in Will Competent Witness.

While a legatee is a competent witness to testify on an application for probate as to the will in so far as it disposes of the property to others besides himself, and not competent to testify as to the part of the will bequeathing property to him, but he is permitted to do so without objection, the probate of such will can not be vacated many years thereafter in a petition to construe the will.

APPEAL FROM SPENCER CIRCUIT COURT.

October 8, 1881.

OPINION BY JUDGE PRYOR:

Jeremiah Weaver died in the county of Spencer in the year 1850, leaving a last will and testament that was probated by the county court in March, 1851. The will gave his estate to his his widow for life, and at her death, his son, W. H. Weaver, was to have the farm on which the testator lived, on the following terms and conditions: "He shall pay $30 per acre· for it to the heirs, and $200 annually until the place is paid for. He is to pay no interest."

The widow holding under the will remained in the possession of this land until her death in the year 1879. After her death the devisee in remainder, W. H. Weaver, took possession of the place, and now claims it under the will. The remaining devisees and heirs of the testator instituted the present action in the year 1880, seeking a construction. of the will, and insisting that the devise to W. H. Weaver was null and void for the reason that he attested the will under which he claims to hold. It is alleged in the petition that the will was not written by the testator in whole or in part; that it was attested by the devisee, W. H. Weaver, as one of the two subscribing witnesses, and that he appeared in the county court as a witness to the will. A general demurrer was filed to the petition and sustained, and the appellants (the heirs) failing to plead further, the petition was dismissed.

The validity of the devise to W. H. Weaver is questioned solely on the ground that he was a subscribing witness to the

will, and appeared in the county court as such. At the time of the execution of this will (in the year 1850), the statute provided: "If any person shall subscribe his name as a witness to a will wherein any bequest is given to him, if the will may be not otherwise proved, the bequest shall be void, and such witness shall be allowed and compellable to appear and give testimony on the residue of the will, in like manner as if no such bequest had been made." Statute Law (1834) 1541.

It is well settled that an order of a county court admitting a will to probate in proper form is conclusive until reversed or the order vacated, and it can not be attacked in a collateral proceeding. This will has been admitted to probate by a tribunal (the county court) having the jurisdiction to examine and take the proof of wills, and of determining all causes testamentary. No other tribunal has such jurisdiction, and until the judgment of the county court has been denied by some proper proceeding it must be held binding on all. *Stevenson v. Huddleson,* 13 B. Mon. (Ky.) 299; *Abbott v. Traylor,* 11 Bush (Ky.) 335; *King v. Bullock,* 9 Dana (Ky.) 41.

It is intimated by counsel for appellants that this is not an attempt to nullify the order of the county court; but on the contrary they are recognizing the existence of the probate, and are asking in this action for a construction of the will, in order to ascertain the rights of the parties under it. The issue in the county court is, "will or no will," and in order to establish the validity of the paper the fact of a legal publication, and the capacity to make it, is necessarily involved.

The statute [Gen. Stat. (1879), Ch. 113, § 13] expressly provides that the witness, who is a devisee, shall be compelled to appear and give testimony on the residue of the will in like manner as if no such bequest had been made, and the fact that the will was not fully proved should have been made to appear in the records of the court admitting the will to probate. The order admitting the will to probate reads: "This writing purporting to be the last will and testament of Jeremiah H. Weaver, deceased, dated the 24th of September, 1850, was produced in court by Mary C. Weaver, James B. Weaver, John Weaver and Samuel Weaver, the executors therein named, in order to be proved, and therefore Richard Weaver, one of the children of said Jeremiah Weaver, by his attorney, appeared and opposed

the probate of the will." And the case was continued until the next county court. At the April term of the county court the contestant withdrew his opposition, and after reciting that fact the order reads: "Whereupon the same was proven according to law by the oaths of Warren H. Prudy and Warren H. Weaver, witnesses thereto, and ordered to be recorded," and thereupon the executors qualified, etc.

The entire will in this case was admitted to probate more than thirty years prior to the institution of the present action, and we are now asked to disregard the devise to the appellee because the statute precludes him from taking the devise from the fact of his being a subscribing witness. This view is based upon the idea that it is a construction of the will the appellants are demanding, and is not an attack upon any order or record of the county court admitting the paper to probate. The testimony as to the execution of the testamentary paper was indispensable to its probate, and we can not well see how a construction of the will can be obtained except upon the face of the instrument itself. Here it is conceded that the testator owned the property and had the right to devise it, and the appellee, the devisee, was capable of holding the property either by descent or purchase.

There is, then, no room for construction, and the only question really presented is, Was the will properly proven? In order to ascertain that fact this court must necessarily inquire as to the character and kind of evidence heard before the county court. Suppose the appellee, instead of demurring to the petition, had denied the allegations made with reference to the manner in which the will was proven, and pleaded by way of defense that the will was wholly in the handwriting of the testator. This would have opened an investigation as to the propriety of the judgment of the county court upon the very issue that tribunal alone could decide, viz.: whether the witnesses to the will were or not competent. If the appellee had urged his competency to prove the entire will, and the county court, on the issue of devisavit vel non had decided in his favor and admitted the will to probate, what right would the chancellor have when asked to construe the will to determine that the witness was incompetent and the devise void? The paper upon its face does not show the devise to be void, and to ascertain by parol proof or otherwise how the case was heard and disposed of by the county court

would be retrying an issue passed on by a court of competent jurisdiction more than thirty years ago.

The paper, on its face and from the records of the court, seems to have been legally executed by a testator of disposing mind and memory; and although it may afterwards appear in a collateral proceeding, affecting alone the right of property, that the witnesses to the will were incompetent, still the order of the county court remains in full force, and the question as to what part of the testamentary paper could have been proven by the witness should have been raised in that court. The English cases relied on by the counsel for the appellant are rendered under a statute declaring the devise void, and while they may be analogous to the case before us under our statute, where a will may be probated on the testimony of the subscribing witnesses in the handwriting of the testator, with a court invested with the jurisdiction to determine such questions, it would be a dangerous precedent to say that the judgment of this tribunal could at any time be disregarded by a proceeding for the purpose of determining whether the will was proven by the subscribing witnesses, or was in the testator's own handwriting. Although the record of the county court may show that the paper was proven by the oath of the subscribing witness, still he would be allowed to show in a collateral proceeding that it was really written by the testator himself.

In the case of *George v. Bussing,* 15 B. Mon. (Ky.) 558, the devisor, by a will admitted to probate, devised a certain part of his estate to a slave. This court held the devise void as neither the owner of the property had the power to will, nor the slave the right to hold the property devised. In the case of *Mitchell v. Holder,* 8 Bush (Ky.) 362, a feme covert made a devise of both her separate and general estate. This court held that her general estate did not pass under the will. These cases counsel rely on as affecting the question here. We think they are not analogous. There is a manifest distinction in determining what property passes under a will or the extent of the power conferred to make such an instrument, and in adjudging whether or not a will has been properly proven so as to pass the estate.

Here the power to devise and the right to receive and hold the property by the devisee is unquestioned, but it is maintained that the manner of proving it defeats the devise. By the pro-

vision of the statute before us the subscribing witness was competent to prove the residue of the will, and if, when offered as a witness, his incompetency had been urged, and the decision had been adverse to his testifying, as to the execution of the paper in so far as it affected him, the record should have shown that so much of the will as made the devise to the subscribing witness was not proven; and on the contrary, if admitted as a witness to prove the whole will, and his right to do so passed on by the county court, we see no reason why a judgment based on his testimony is not binding until reversed.

The question is, Had the court jurisdiction to admit the entire will to probate? If so, the fact of the admission of incompetent testimony does not invalidate it. The main ground of affirmance, however, is that, as the will may have been proven in different modes, the court having jurisdiction of the subject matter having admitted it to probate in proper form, no other tribunal will investigate the manner of probate, so as to defeat the claims of the devisee. This entire will was admitted to probate more than thirty years ago, and while the life tenant held for all, if the will is disregarded it seems to us the remedy should have been by an appeal. The petition in this case negatives the idea that the will was in the handwriting of the testator, and expressly avers that it was not in his handwriting, thus tendering an issue upon facts not appearing in the record of the county court, and such an issue as was necessary to make the petition a good one, or if not, such an issue as the appellee could have made; and when made we have another tribunal investigating the character of proof upon which a court with complete and plenary jurisdiction had rendered the judgment. This can not be done.

Judgment *affirmed.*

*Gibbs & Beauchamp, for appellants.*

*Caldwell & Harwood, for appellees.*