Craine, &c., v. Edwards, &c.

---

CASE 19—PETITION EQUITY—OCTOBER 10.

## Craine, &c., v. Edwards, &c.

APPEAL FROM BARREN CIRCUIT COURT.

1. SEPARATE ESTATE.—A deed to land from husband to wife, like a deed from any other person, does not create in the wife a separate estate, unless an intention to exclude the husband appears from the language of the instrument. The mere fact that the deed is from the husband is not sufficient to create a separate estate without reference to its terms.

2. THE HUSBAND CAN NOT BY ANY ACT OF HIS AFTER THE DEATH OF THE WIFE AFFECT THE TITLE TO HER PROPERTY which has already vested in her heirs.

Where the wife had executed a will attempting to devise her general estate, a writing executed by the husband after her death relinquishing all interest in her property " as though the same was deeded to her separate use," and as though she had made the will in pursuance of written power from him, did not divert the property from the wife's heirs to her devisees.

3. AN ORDER OF THE COUNTY COURT PROBATING THE WILL OF A MARRIED WOMAN merely determines that the will is valid to pass any estate which the testatrix has power to dispose of by will, and does not determine that the estate attempted to be devised was such as the testatrix had power to devise. The order of probate is, therefore, not conclusive as to the power of the wife to devise the estate included in the will.

GEO. T. DUFF, GEO. M. BOHANNON FOR APPELLANTS.

1. A married woman can devise her separate estate. (Gen. Stats., chap. 113, sec. 4; Bishop on Law of Married Women, vol. 1, p. 853; Mitchell, &c., v. Holder, &c., 8 Bush, 362; Parrott, &c., v. Kelly, &c., 79 Ky., 490.)

2. Where property is secured to the wife by deed from her husband, no particular form of words is necessary to create in her a separate estate, but the deed itself is effectual for that purpose. (Bishop on Married Women, vol. 1, p. 838; Maraman's Adm'r v. Maraman, 4, Met., 84; Deming v. Williams, 26 Conn., 226; Huber v. Huber, 10 Ohio, 371; Ward v. Crotty, 4 Met., 59; Hathaway &c., v. Yeaman, 8 Bush, 391; Redfield on Wills, vol. 2, p. 199.)

3. If the deed to Mrs. Craine vested in her only a general estate, she still had the right to devise the land, provided the will was made in the exercise of a written power from her husband to do so, or if her act was subsequently ratified by him, before the will was probated, by a writing properly attested. (Gen. Stats., chap. 113, sec. 4; Hiram, &c., v. Griffin, &c., 8 Bush, 262; Schouler on Domestic Relations, pp. 252 and 261; Redfield on Wills, vol. 1, p. 25.)

4. The proceedings had in the County Court, and the acquiescence of appellees and all other interested parties therein, constitute an estoppel. (Herman on Estoppel, p. 8; Stone v. Werts, 3 Bush, 486.)

5. If appellees had any remedy it was by appeal from the judgment of probate. (Gen. Stats., chap. 113, sec. 27; Freeman on Judgments, 2d ed., p. 320; Hughes, &c., v. Sidwell's Heirs, 18 B. M., 259; Abbott, &c., v. Traylor, &c., 9 Bush, 335.)

THOMAS H. HINES on same side.

The land in controversy was the wife's separate estate. The deed by the husband to the wife means nothing, unless it gives the wife a separate estate. (Huber v. Huber, 10 Ohio, 371; Steel v. Steel, 1 Ired. Eq., 452; McWilliams v. Ramsey, 23 Ala., 813; Maraman v. Maraman, 4 Met., 84; 1 Bishop on Married Women, sec. 838; Turner v. Shaw, 96 Mo., 22; 9 Am. St. Rep., 319.)

W. L. PORTER for appellees.

1. The judgment of probate is not conclusive as to property the testatrix had no power to dispose of under the statute. (Mitchell and Wife v. Holden, 8 Bush, 362.)

2. The paper executed by the husband after the death of the wife can not be construed to be "a written power to make a will," nor can it affect the title which had already vested in appellees under the statutes of descent.

3. A deed to land from husband to wife in the absence of words excluding the husband does not create in the wife a separate estate.

CHIEF JUSTICE HOLT delivered the opinion of the court.

Nathaniel Craine, by a deed general in its terms, conveyed to his wife, Cynthia A. Craine, a tract of land.

She died testate in 1883, and he in 1889. The deed contains no expression looking to a separate estate in the wife. It was merely a deed of general warranty, and gave no power of alienation. The will of the wife provides that two of her daughters are to have the land. This is a contest over it between the devisees and her heirs.

After her death the husband executed a writing, by which he relinquished " any and all interest in law or equity I have in and to the property, and to the control and disposition of the same, except the personalty, as though the same was deeded to her separate use, and as though the said Cynthia A. Craine had made said will in pursuance of written power from me." This instrument was filed when her will was probated, the parties to this suit, and her husband, being parties to that proceeding.

It is urged first, that the deed created a separate estate in the wife as to the land, and she could therefore devise it. Second, if this be not so, that then the ratification of the will, even after her death, but before its probate, by her husband, by the execution of the relinquishment, rendered it valid as a devise by virtue of a power ; and third, that the probate proceeding in the County Court estops the heirs from now questioning the validity of the devise.

The right of a married woman to make a will is purely statutory. Our statute provides : " A married woman may, by will, dispose of any estate secured to her separate use by deed or devise, or in the exercise of a written power to make a will." General Statutes, chapter 113, section 4.

No particular form of words is necessary to create a separate estate in a married woman. It 'is only needful

that an intention to vest the property in her to the exclusion of the husband shall clearly appear. This is too well settled to need citation of authority. It is urged, however, that the mere making of a deed by the husband to the wife *ipso facto* creates in her a separate estate; that while, if the conveyance be from any other person, an intention to exclude the husband must clearly appear from it, yet when it is from him, this fact of itself imports his exclusion. In other words, if it be from a stranger, it must appear from it that it was intended to exclude the husband and secure the property to the use of the wife; but if from him, then the deed itself is effectual to create the separate estate. It has been held if the husband transfers personalty to the wife, then the fact that the transfer is from him, in itself creates in her a separate estate; but is this true, where land is conveyed to her by her husband by a deed, general in its terms? We think not. There is a manifest difference between the two cases. In the one, he certainly has no longer any interest whatever in the property—the transfer vests it absolutely in her; while in the other, by so making the deed, he may intend that his marital rights shall attach to the property, just the same as if the conveyance were from some other party to her. In this instance, why was not the husband entitled to the use 'of the land during the life of the wife, and to be tenant by the curtesy after her death?

It is said that cases may be found making a distinction between a deed, general in its terms, from a stranger to the wife, and one from the husband to her; but those cited by the distinguished counsel do not, in our opinion, support the claim.

The case of Huber v. Huber, 10 Ohio, 371, relates to a

separate estate in personalty. This is true also of Deming v. Williams, 26 Conn., 225.

In Turner v. Shaw, 96 Mo., 22, the conveyance, by its terms, created a separate estate; while in the cases of McWilliams v. Ramsay, 23 Ala., 813, and Steel v. Steel, 1 Ired. Eq., 452, the conveyance was to a trustee for the use of the wife.

If the husband executes a note to the wife, an intention to make it her separate estate may well be inferred; but where he merely conveys land to her by a deed, general in its terms, an intention upon his part to create a separate estate in her can not be presumed from the mere fact that the conveyance is from the husband. It, like a deed from any other person, must show, in some way, an intention to create a separate estate, or else in the absence of a power to do so, she can not, under the statute, devise it. A conveyance from him stands upon the same footing, under the statute, as one from any other person to her.

It is unnecessary to consider whether a power in the wife to dispose of the land could have been created by the husband at any time before the execution of her will, or whether the conveyance had to confer it. Such a question is not presented. The writing was not executed by him until after her death. The rights of others had then intervened, and could not, of course, be destroyed by his act. He could not thus change the statute of descent, and divert property, the right to which had already vested in her heirs, from them to the devisees. It is said, however, that the probate of the will is a bar to this action; otherwise the anomaly will exist of a probate judgment holding the will valid, and one in this suit holding it invalid. The action of the County Court, however,

merely settled that the will was valid to pass any estate which the testatrix had the power to dispose of by will. Thus far, but no further, its action was conclusive until reversed, impeached or revoked.

The operation of the will was restricted to such estate as she, by law, had the power to devise; and the judgment of probate merely decided that thus far it was a valid will. This question was decided by this court in the case of Mitchell, &c., v. Holder, &c., 8 Bush, 362.

The lower court did not finally determine anything as to the rent of the lands, and there is, therefore, no question before us upon this subject.

Judgment affirmed.